# Exhibit B

FILED: 1/14/2021 10:48 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 49701693
Reviewed By: Annette Vaughan

CAUSE NO. A210016-C

| | | |
|---|---|---|
| ZILDA VINCENT, DELORES PHELPS, | § | IN THE DISTRICT COURT OF |
| AND MYRNA BARRAS BREAUX, | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| CRST MALONE, INC. AND | § | |
| LEROY JACK SULLIVAN | § | |
| *Defendants* | § | 128th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Zilda Vincent, Delores Phelps, and Myrna Barras Breaux, hereinafter called Plaintiffs, complaining of and about CRST Malone, Inc. and Leroy Jack Sullivan, hereinafter called Defendants, and for cause of action would show unto the Court the following:

I.

### DISCOVER CONTROL PLAN LEVEL

1.1    Pursuant to TEX. R. CIV. PROC. 190, it is anticipated that discovery will be conducted under Discovery Control Level III.

II.

### PARTIES

2.1    Plaintiff, Zilda Vincent, is an individual of the full age of majority residing in Sulphur, Calcasieu Parish, Louisiana.

2.2    Plaintiff, Delores Phelps, is an individual of the full age of majority residing in Sulphur, Calcasieu Parish, Louisiana.

2.3     Plaintiff, Myrna Barras Breaux, is an individual of the full age of majority residing in Sulphur, Calcasieu Parish, Louisiana.

2.4     Defendant, CRST Malone, Inc., a foreign corporation, which may be served through its registered agent for service of process, Cogency Global, Inc., 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104.

2.5     Defendant, Leroy Jack Sullivan, is an individual of the full age of majority, who may be served at his address of record, 91 Deercircle Lane, Victoria, Texas, 77904.

III.

**JURISDICTION AND VENUE**

3.1     The damages in this case, exclusive of interest and costs, are within the jurisdictional limits of this Court.

3.2     Venue is proper in Orange County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(2) because the accident made the basis of this litigation occurred in Orange County, Texas.

IV.

**FACTS**

4.1     On or about February 18, 2020, Defendant, Leroy Jack Sullivan, was operating a 2019 Western Star tractor trailer with the permission of its owner, CRST Malone, Inc., in a westerly direction in the inside lane of Interstate Highway 10 in Orange County, Texas, when at mile marker 856, he suddenly changed lanes in an unsafe manner into the middle lane of said highway and struck the rear of a 2010 Mercury Grand Marquis owned and operated by plaintiff, Myrna Barras Breaux, with Zilda Vincent and Delores Phelps as her passengers, causing the Breaux vehicle to rotate in a clockwise direction and crash into the inside

concrete barrier, resulting in severe injuries to Myrna Barras Breaux, Zilda Vincent, and Delores Phelps requiring medical attention.  After striking the Breaux vehicle, Leroy Jack Sullivan failed to stop and continued driving until he was stopped at mile marker 873, thereby ignoring the crash that he had just occurred in a total disregard for the safety and welfare of Plaintiffs.

4.2     At the time of the foregoing crash, and upon information and belief, Leroy Jack *Sullivan was in the course and scope of his employment with CRST Malone, Inc.*

V.

**PLAINTIFF'S CLAIM OF NEGLIGENCE**

5.1     Defendant, Leroy Jack Sullivan, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under the circumstances similar to those described herein.

5.2     Plaintiffs' injuries were proximately caused by the negligence, careless and reckless disregard of said duty by Defendant, Leroy Jack Sullivan.

5.3     The negligent, careless and reckless disregard of said duty of Defendant, Leroy Jack Sullivan, consisted of, but is not limited to the following acts and omissions:

a)     In failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

b)     In failing to swerve wider or otherwise maneuver the vehicle he was operating so as to avoid the collision made the basis of this suit;

c)     In driving carelessly and failing to pay attention under the circumstances;

d)     In failing to keep his vehicle under proper control;

e)    In otherwise operating said vehicle in an unsafe manner.

5.4    All of the above acts, wrongs and/or omissions amounted to negligence on the part of the Defendant, Leroy Jack Sullivan, herein, and were proximate causes of the resulting injuries suffered to and by the Plaintiffs herein.

5.5    At the time of the afore described incident, Leroy Jack Sullivan, was acting within the course and scope of his employment with his employer, CRST Malone, Inc., making it vicariously liable for the acts and/or omissions of its employee, CRST Malone, Inc., under the doctrine of respondeat superior.

## VI.

## EXEMPLARY DAMAGES

6.1    Defendant, Leroy Jack Sullivan's acts and/or omissions described hereinabove, when viewed from the standpoint of Defendant, Leroy Jack Sullivan, at the time of the above described acts and/or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendant, Leroy Jack Sullivan, has actual, subjective awareness of the risks involved in the above described acts and/or omissions, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of Plaintiffs and others.

6.2    Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiff from Defendant, Leroy Jack Sullivan and his employer, CRST Malone, Inc.

## VII.

## DAMAGES FOR PLAINTIFF ZILDA VINCENT

7.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Zilda Vincent, was caused to suffer severe injuries to her entire body;

severe injuries to her neck, right shoulder, right knee, and head; severe nervous shock; and aggravation of any pre-existing condition, as well as contusions and soft tissue injuries, and to incur the following damages, which, in accordance with Tex R. Civ. Proc. 47(c), are in the form of monetary relief over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees:

a)   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Zilda Vincent, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges at the time and place the services were performed;

b)   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c)   Physical pain and suffering in the past;

d)   Physical pain and suffering in the future;

e)   Physical impairment in the past;

f)   Physical impairment which, in all reasonable probability, will be suffered in the future;

g)   Mental anguish in the past;

h)   Mental anguish in the future.

## VIII.

### DAMAGES FOR PLAINTIFF DELORES PHELPS

8.1   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Delores Phelps, was caused to suffer severe injuries to her entire body;

severe injuries to her right elbow, lumbar spine and associated processes, tailbone, right hip; severe nervous shock; and aggravation of any pre-existing condition, as well as contusions and soft tissue injuries, and to incur the following damages, which, in accordance with Tex R. Civ. Proc. 47(c), are in the form of monetary relief over not to exceed One Hundred Thousand and 00/100 Dollars ($100,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees:

a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Delores Phelps, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges at the time and place the services were performed;

b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c) Physical pain and suffering in the past;

d) Physical pain and suffering in the future;

e) Physical impairment in the past;

f) Physical impairment which, in all reasonable probability, will be suffered in the future;

g) Mental anguish in the past;

h) Mental anguish in the future.

## IX.

### DAMAGES TO PLAINTIFF MYRNA BARRAS BREAUX

9.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Myrna Barras Breaux, was caused to suffer severe injuries to her entire body; severe injuries to her left shoulder, left shoulder, left hip, lower back, and head; *severe nervous shock*; and aggravation of any pre-existing condition, as well as *contusions and soft tissue injuries*, and to incur the following damages, which, in accordance with Tex R. Civ. Proc. 47(c), are in the form of monetary relief over not to exceed One Hundred Thousand and 00/100 Dollars ($100,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees:

a)     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Myrna Barras Breaux, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges at the time and place the services were performed;

b)     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c)     Physical pain and suffering in the past;

d)     Physical pain and suffering in the future;

e)     Physical impairment in the past;

f)     Physical impairment which, in all reasonable probability, will be suffered in the future;

g)     Mental anguish in the past;

h)    Mental anguish in the future.

## X.

## PRAYER

THEREFORE, PREMISES CONSIDERED, Plaintiffs, Zilda Vincent, Delores Phelps, and Myrna Breaux, respectfully pray that the Defendants, CRST Malone, Inc. and Leroy Jack Sullivan, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practices and Remedies Code, together with pre-judgment interest (from the date of the injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

## XI.

## REQUEST FOR DISCLOSURE

Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

Respectfully submitted:

HOFFOSS DEVALL, LLC

J. LEE HOFFOSS, JR. (TX 24071602)
517 West College Street
Lake Charles, Louisiana 70605
Telephone:    (337) 433-2053
Facsimile:    (337) 433-2055
Email:        lee@hdinjurylaw.com